## IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION

LONDON PURTER,          )
)
        Plaintiff,      )    CIVIL ACTION FILE
)      No. 4:25-cv-00164-CDL
    vs.          )
)
JAMES STANTON and HIGHWAY    )
TRANSPORT CHEMICAL, LLC    )
)
                   ) **JURY TRIAL DEMANDED**
        Defendants.   )

## AMENDED SCHEDULING AND DISCOVERY ORDER

**BY THE COURT:** The parties have filed a joint motion to amend the scheduling order. Although the Court grants the motion, it is compelled to make the following observations. This Court expects litigants to follow the Federal Rules, including this Court's orders. Waiting until after the discovery period has expired and the dispositive motion deadline passed to seek amendment to the scheduling order (resetting every single deadline, including the deadline for amending the pleadings) when the record demonstrates that the parties have not been diligent in seeking discovery does not comply with the letter or the spirit of those rules. The Court also notes that the parties' proposed scheduling order that sets out the conditions precedent for filing a motion to compel does not comply with the Court's Rules 16/26 Order, which clearly

1

requires an in-person good faith meeting before filing such motion.  That part of the parties' proposed order has been so revised by the Court, as it was in the original scheduling order.  The Court has high, yet reasonable, expectations of counsel who appear in this Court.  Going forward, counsel should do a better of job of meeting them.  The Defendant's pending motion for partial summary judgment is terminated but may be re-filed consistent with the amended scheduling order.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The parties to this action conferred and jointly developed this Proposed Amended Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

I. **Nature of the Case**:

This is a personal injury suit arising from a motor vehicle accident that occurred on September 12, 2024. Plaintiff alleges that she suffered injuries in the incident. Defendants deny that they were negligent.

II. **Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

*For Plaintiff:*
Kendall B. Shortway
Georgia Bar No. 312819
Morgan & Morgan
777 Gloucester Street, Suite 400
Brunswick, GA 31520
912-443-1098

*For Defendants:*
Gillian S. Crowl-Parrish
Mike O. Crawford
Swift, Currie, McGhee & Hiers
1420 Peachtree St, NE, Suite 800
Atlanta, GA 30309
404-874-8800

### III.  Complaint and Answer filing dates:

Complaint was filed:  March 4, 2025

Defendants' Answer was filed:    May 29, 2025

### IV.  Discovery Deadlines

#### A. Time for Discovery
The time for discovery in this case shall expire, **July 15, 2026**.

#### B. Scope of Discovery
**For Plaintiff:**
Discovery of information and documents related to Defendant Highway Chemical Transport's policies and procedures of trucking safety and their hiring process; pre- and post-incident employment history and personnel files of Defendant Stanton; and details of Defendant Stanton's driving history and his operation of the vehicle on the subject day.

**For Defendants:**
Discovery of information and documents related to Plaintiff's pre- and post-incident medical treatment; pre-existing and subsequent health and medical conditions; other accident and injuries; pre- and post-incident employment history and personnel files; pre- and

post-incident income; and details of Plaintiff's driving history and her operation of the vehicle on the subject day.

**C. Electronically Stored Information**
The parties are unaware of any issue regarding disclosure, discovery, or preservation of electronically stored information.

**D. Privilege Claims**
The parties are unaware of any privilege issues at this time.

**E. Witnesses to be Deposed**
**For Plaintiff:**
> James Stanton
> 30b6 of Highway Transport Chemical, LLC
> Anyone else identified in discovery

**For Defendants:**
> Plaintiff, London Purter
> Andrew Wilkins, East Alabama Medical Center
> Anyone else identified in discovery
> Pre- and post-accident treating physicians and employers identified during discovery.

**F. Expert Witnesses**
The Plaintiff must disclose the identity of any expert witness on or before **April 15, 2026**.

The Defendant must disclose the identity of any expert witness on or before **May 15, 2026**.

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before **June 15, 2026**. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G. Discovery Limitations or Need for Protective Order**
The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule

36's limitation on the number of requests to admit that can be propounded.

**H. <u>Discovery Disputes</u>**
**BY THE COURT:** Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the parties must confer in good faith **in person** to attempt to resolve the dispute.

## V.    Time for Filing Motions

**BY THE COURT:** There will be no extensions to any future briefing schedule in this case.

**A. <u>Motions to Amend the Pleadings or to Join Parties</u>**
All motions seeking to amend the pleadings or to join parties must be filed no later than **<u>April 1, 2026</u>**.  Further extensions to this deadline are highly unlikely.

**B. <u>Dispositive Motions</u>**
All dispositive motions must be filed no later than **<u>August 15, 2026</u>**.

**C. <u>*Daubert* Motions</u>**
All *Daubert* motions must be filed no later than **<u>August 15, 2026</u>**.

## VI.    Certification of the Parties and Counsel:
The parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis for their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order.

All counsel of record shall digitally sign below.

Respectfully submitted this 13th day of March, 2026.

<table>
<tr><td>

*Drafted by:*
*/s/ Gillian S. Crowl-Parrish*
Mike O. Crawford
Georgia Bar No. 194165
Gillian S. Crowl-Parrish
Georgia Bar No. 654746
Swift, Currie, McGhee & Hiers
1420 Peachtree St, NE
Suite 800
Atlanta, GA 30309
404-874-8800
mike.crawford@swiftcurrie.com
gillian.crowl@swiftcurrie.com
*Attorneys for Defendants*

</td><td>

*Consented to by:*
*/s/ Kendall B. Shortway* (signed by Gillian S. Crowl-Parrish, with express permission)
Kendall B. Shortway
Georgia Bar No. 312819
Morgan & Morgan
777 Gloucester Street
Suite 400
Brunswick, GA 31520
kshortway@forthepeople.com
eparmenter@forthepeople.com
*Attorneys for Plaintiff*

</td></tr>
</table>

6

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT.

SO ORDERED, this 16th day of March, 2026.

s/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT