IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LONDON PURTER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-CV-164 (CDL) |
| HIGHWAY TRANSPORT CHEMICAL LLC and JAMES STANTON, | * | |
| | * | |
| Defendants. | * | |

O R D E R

This is a straightforward truck wreck case. Presently pending before the Court are Plaintiff's motion to strike Defendants' expert disclosures, Defendants' motion for summary judgment, and Defendants' motion for another discovery extension. For the reasons set forth below, the Court grants Plaintiff's motion (ECF No. 29) and denies Defendants' motions (ECF Nos. 30 & 31).

DISCUSSION

**I. Plaintiff's Motion to Strike Defendants' Expert Disclosures (ECF No. 29) and Defendants' Motion to Extend Discovery (ECF No. 31).**

Defendants did not timely disclose any experts in this case, and they have not submitted any expert reports to Plaintiff. Defendants contend that the Court should reopen discovery again and give them more time to conduct expert discovery. Plaintiff responds that Defendants have not established grounds for reopening discovery and that Defendants should not be allowed to

rely on any of their expert witnesses to support future motions or at trial. The Court agrees with Plaintiff.

Discovery in this action began on August 14, 2025, when the Court entered a scheduling order to which the parties agreed. See Scheduling Order, ECF No. 7. Under the original scheduling order, Defendants' expert disclosures were due by December 2, 2025, and discovery closed on January 30, 2026. *Id.* at 2, 4. After the original discovery period closed and after the original dispositive motion deadline, the parties filed a joint motion to amend the scheduling order, and they proposed resetting every single deadline. Although the Court found that the parties had not been diligent in seeking discovery, the Court reopened discovery and granted the requested extension. The Court also admonished counsel to do a better job of meeting the Court's reasonable expectations. Am. Sched. O. 1-2, ECF No. 14. The Court adopted the new deadlines proposed by the parties, extending Defendants' expert disclosure deadline to May 15, 2026, the discovery deadline to July 15, 2026, and the dispositive motion deadline to August 15, 2026.

On July 15, 2026—two months after Defendants' extended expert disclosure deadline and on the day extended discovery closed—Defendants identified two expert witnesses: Torrence Welch and Susan Garrison. The next day, Defendants identified three more expert witnesses: Emmanuel Manuel, Kathryn Haggerty, and Barry

Jeffries. The parties agreed to be bound by Federal Rule of Civil Procedure 26(a)(2)(B), which requires the expert disclosure for a retained expert to "be accompanied by a written report" containing details about the witness's opinions, qualifications, and compensation. The Court did not enter an order modifying this disclosure requirement. Nonetheless, Defendants did not include the required written report with any of their tardy expert disclosures.

More than a month after the extended discovery period closed, Defendants filed a motion to extend discovery again. They represent that they need more time to complete discovery from third parties and to complete expert discovery. In support of this motion, Defendants argue that they had to postpone Plaintiff's deposition that had been scheduled for March of 2026 because Plaintiff was scheduled to undergo surgery in late March—a fact that the parties relied upon when they sought the first discovery extension. Defendants also emphasize that that they did not depose Plaintiff until July 14, 2026, the penultimate day of discovery, and then served follow-up discovery to her medical providers after the deposition.

A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 6(b)(1)(B). To establish good cause, the party seeking the extension must show that the schedule could not be met despite the

party's diligence. *E.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Here, Defendants did not explain why they could not obtain the third-party discovery they now seek during the extended discovery period. They also did not explain why they could not take Plaintiff's deposition until the day before discovery closed. Again, Defendants knew when they sought the first discovery extension in March 2026 that Plaintiff was scheduled to undergo surgery later that month, and they proposed a new expert disclosure deadline of May 15, 2026, and a new discovery deadline of July 16, 2026. Defendants' present motion for an extension does not explain why Defendants could not meet the extended deadlines that they proposed. For all these reasons, the Court finds that Defendants did not establish good cause for another extension of the expert disclosure deadline or the discovery deadline. Accordingly, the Court denies Defendants' motion for another discovery extension. In addition, Defendants did not properly disclose any of their expert witnesses by submitting the required expert reports, and they did not establish that their failure to do so was substantially justified or is harmless. The Court thus grants Plaintiff's motion to strike Defendants' experts under Federal Rule of Civil Procedure 37(c)(1); Defendants shall not be permitted to use any of the expert witnesses to supply evidence on a motion or at trial.

## II. Defendants' Partial Summary Judgment Motion (ECF No. 30)

Defendants seek partial summary judgment on Plaintiff's direct claims against Highway Transport Chemical, LLC and on Plaintiff's claims for punitive damages and attorney's fees. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

A summary judgment movant must support its factual positions by "citing to particular parts of materials in the record" or showing "that an adverse party cannot produce admissible evidence" to support a fact. Fed. R. Civ. P. 56(c). The Court's local rules require a summary judgment movant to "attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. "Material facts not supported by specific citation to

particular parts of materials in the record . . . will not be considered by the court." *Id.* "Affidavits and the introductory portions of briefs do not constitute a statement of material facts." *Id.*

Here, Defendants summarily argue that there is no evidence to support Plaintiff's claims, contending that there is a bona fide controversy as to liability and that Highway Transport adequately vetted, trained, and supervised its driver. But Defendants did not comply with the Court's local rule requiring a separate and concise statement of material facts supported by specific citations to particular parts of materials in the record. The Court is not required to consider Defendants' introductory fact statement in its brief (which is, in any event, extremely light on facts relevant to Defendants' arguments and even lighter on citations to evidence). Without evidence to show a bona fide controversy or adequate vetting, training, and supervision, the Court cannot find that Defendants met their burden of showing that the record evidence establishes that they are entitled to judgment as a matter of law on Plaintiff's claims.[1] For these reasons, the

[1] Even if the Court considered the two exhibits Defendants cited in their brief (a September 2024 police report concluding that James Stanton was at fault for the wreck with Plaintiff and a May 2024 motor vehicle record for James Stanton), the exhibits do not demonstrate that there are no genuine fact disputes. Moreover, Plaintiff complied with the Court's local rule and submitted a statement of material facts supported by specific citations to materials in the record. That evidence, viewed in the light most favorable to Plaintiff, rebuts Defendants' conclusory argument that no genuine fact disputes exist.

Court denies Defendants' partial summary judgment motion (ECF No. 30).

CONCLUSION

As discussed above, the Court grants Plaintiff's motion to strike Defendants' expert disclosures (ECF No. 29), denies Defendants' partial summary judgment motion (ECF No. 30), and denies Defendants' motion for another discovery extension (ECF No. 31). This action will be tried during the Court's March 2027 trial term.

IT IS SO ORDERED, this 8th day of October, 2026.

s/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA