IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LONDON PURTER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-CV-164 (CDL) |
| JAMES STANTON, *et al.*, | * | |
| Defendants. | * | |

O R D E R

The Court previously granted Plaintiff's motion to strike Defendants' expert disclosures because Defendants did not timely disclose their experts or provide any expert reports to Plaintiff. *See* Order 4 (Oct. 8 2026), ECF No. 37. The Court also denied Defendants' motion for an extension of discovery because Defendants did not demonstrate that they could not meet the already extended deadline despite the exercise of reasonable diligence. *Id.* Defendants now seek reconsideration of that order. The motion for reconsideration (ECF No. 40) is denied.

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v.*

*MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Defendants do not appear to contend that there have been any changes in the law, that they have discovered new evidence which was not available at the time of their original motion, or that the Court made a clear error of law or fact. Instead, they ask the Court to extend discovery again so they can cure the deficiencies in their expert disclosures. They promise that if the Court grants another extension, they will follow the rules.

Defendants argue that their failure to timely disclose the experts was beyond their control because they didn't have every medical record from every one of Plaintiff's medical providers before discovery closed. Defendants made this argument in their original motion for a second discovery extension and in their opposition to Plaintiff's motion to strike. The Court found the argument unpersuasive because Defendants presented nothing to suggest that they were diligent in their efforts to request Plaintiff's medical records.[1] In their motion for reconsideration, Defendants again failed to establish that they were diligent in their efforts to request Plaintiff's medical records. Moreover, Defendants did not explain why their experts could not form any opinion about the 2024 truck crash and its impact on Plaintiff

[1] According to Plaintiff, Defendants never served any discovery requests on Plaintiff. Plaintiff represents that she supplemented her disclosures and produced her medical records as they became available.

based on the evidence that was available to them, including information about the crash and the medical records Plaintiff produced before the expert disclosure deadline.

The rules of civil procedure exist for a reason—to reasonably assure the just, speedy and inexpensive determination of every action. Excusing noncompliance with those rules, without just cause, directly conflicts with that important purpose. Defendants have provided no reasonable excuse for their noncompliance. Moreover, they have not come close to meeting their burden for obtaining reconsideration of the Court's previous order. Accordingly, the motion (ECF No. 40) is denied.

IT IS SO ORDERED, this 10th day of November, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA